**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GIBBS INTERNATIONAL, INCORPORATED,
formerly known as Gibbs Textiles,
Incorporated,
<u>Plaintiff-Appellant,</u>

v.

INTERNAL REVENUE,
<u>Defendant-Appellee.</u>

No. 96-2790

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CA-96-996-7-13)

Argued: August 12, 1997

Decided: November 7, 1997

Before RUSSELL and HALL, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Erik P. Doerring, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellant. Teresa Thomas Milton, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Tracey C. Green, MCNAIR LAW

FIRM, P.A., Columbia, South Carolina, for Appellant. Loretta C. Argrett, Assistant Attorney General, Jonathan S. Cohen, J. Rene Josey, Jr., United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gibbs International (Gibbs) appeals the district court's judgment in this case involving a Freedom of Information Act **1** (FOIA) request. Gibbs, the plaintiff, buys and sells used textile equipment on a world-wide basis. One of its wholly-owned subsidiaries is based in Germany. During the course of an audit of Gibbs, the Internal Revenue Service wrote German tax officials suggesting they participate in a simultaneous tax examination of Gibbs and its German subsidiary. After Gibbs learned of the IRS' letter, it requested the IRS to disclose the contents of the letter under the terms of FOIA. The IRS denied Gibbs' request, claiming the letter was exempt under the Freedom of Information Act.**2** Gibbs filed an administrative appeal with the IRS. The IRS failed to respond within 20 days, as required by law.**3**

Gibbs then filed suit in district court,**4** seeking disclosure of the let-

_____

**1** 5 U.S.C.A. § 552 (West 1996 & Supp. 1997).
**2** <u>See id.</u> § 552(a)(6)(C)(b) (West 1996) (exempting certain information).
**3** <u>See id.</u> § 552(a)(6)(A)(ii) (West 1996) (requiring agency to respond within 20 days to FOIA request).
**4** <u>See id.</u> § 552(a)(6)(C) (West 1996) (providing that person has exhausted administrative remedies when agency fails to act on appeal within 20 days, and therefore is entitled to maintain action in district court).

2

ter and seeking to compel the IRS to produce a <u>Vaughn</u> index.**5** The district court examined the documents <u>in camera</u> and granted summary judgment in favor of the IRS. The district court denied Gibbs' request for reconsideration, however, and this appeal followed.

We have reviewed the record, the briefs and heard oral argument by the parties. We find no error in the district court's decision and therefore affirm its grant of summary judgment in favor of the IRS.

<u>AFFIRMED</u>

_____

**5** A <u>Vaughn</u> index is a description of each item withheld by the agency in response to a FOIA request. It must be sufficiently detailed that the district court can determine whether the material is exempt from disclosure under FOIA. <u>Ethyl Corp. v. United States Environmental Protection Agency</u>, 25 F.3d 1241, 12144 n.1 (4th Cir. 1994); <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).

3